UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Case Number: 19-21535-CIV-MORENO**

DOLORES DOWNS GAZZOLA,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. and SPECIAL
NEEDS GROUP, INC.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (**D.E. 5**).

THE COURT has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. Plaintiff's complaint appears to be an impermissible shotgun pleading because she states a claim against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. See Fed. R. Civ. P. 10(b). Therefore, Plaintiff's complaint is **DISMISSED** without prejudice. Plaintiff may file an amended complaint, which comports with this order no later than **July 19, 2019 at 12:00 PM**.

### I. Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 954 (11th Cir. 1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555; Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."). In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is "entitled to relief." Iqbal, 556 U.S. at 677-78.

## II. Legal Analysis

Plaintiff, a former cruise passenger on the Norwegian Sun, alleges she was injured onboard the vessel while using a wheelchair owned and provided to Defendant, NCL (Bahamas) LTD., by Defendant, Special Needs Group. Plaintiff filed suit against Defendants claiming that their negligence (Count I) led to her injuries. Defendant NCL (Bahamas) LTD filed a motion to dismiss which asserts that Plaintiff's Complaint constitutes a "shotgun pleading" because Plaintiff's allegations group both Defendants together and do not delineate which acts or omissions each of them committed. The Court agrees and holds that the Complaint fails to comply with the basic pleading requirements of Rule 10 of the Federal Rules of Civil Procedure and should be dismissed. Fed. R. Civ. P. 10(b).

> The Eleventh Circuit has identified four categories of shotgun pleadings:
>
> The most common type [of shotgun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying

> which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The unifying characteristic of all types of shotgun pleadings is that they fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. Weiland, 792 F.3d at 1323. Shotgun pleadings are often confusing, incoherent, and clogged with seemingly irrelevant allegations and thus are appropriate for dismissal. Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Furthermore, they water down the rights of the parties to have valid claims litigated efficiently and wreak havoc on the judicial system. Byrne v. Nezhat, 261 F.3d 1075, 1130-31 (11th Cir. 2001), abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151-52 (11th Cir. 2011). Given that cases framed by shotgun pleadings exhaust a disproportionate amount of time for courts to resolve, they cause delayed justice and risk the public's confidence in the system. See id. For these reasons, the Eleventh Circuit condemns shotgun pleadings.

Plaintiff's Complaint, which brings a negligence claim against multiple Defendants, is an example of the quintessential "shotgun pleading," because paragraphs 12-14 group together the Defendants and do not specify which of the Defendants is responsible for which acts or omissions. See Weiland, 792 F.3d at 1323. For example, Paragraph 14 states that "Defendants were negligent in the development and/or application of its policies and procedures for providing passengers with wheelchairs and/or warning of dangerous conditions it knew or should have known existed." Such allegations do not give fair notice of what one defendant allegedly failed to do as opposed to the other. The purpose and effect of this order is limited. It is intended to require that the complaint

be brought into compliance with Rule 10(b), but not to close the case.

### III. Conclusion

Mindful of the rule that a well-pleaded complaint specifies which defendant is responsible for which acts or omissions, it is **ORDERED and ADJUDGED**:

1. The complaint is dismissed without prejudice. Plaintiff may file an amended complaint in compliance with this order no later than **July 19, 2019 at 12:00 PM**.

2. In redrafting the complaint, counsel is required to ensure that each legal claim advanced is set forth in a separate count, *e.g.* if a plaintiff is alleging wrongful termination, retaliation, and hostile work environment, each of those claims require a separate count.

3. Further, each count shall state with specificity both the factual and legal basis for the claim it sets forth. If a claim is one where Federal Rule of Civil Procedure 9 is applicable, that claim must be pled with particularity. Other numbered paragraphs may be incorporated by reference, but this must be done with particularity so that only relevant paragraphs are referenced. It is impermissible to attempt a wholesale incorporation by reference of all preceding paragraphs.

4. If any party has yet to be served with process or enter an agreement in this case, the Plaintiff's counsel shall forward to a copy of this order to those parties.

5. Failure to file an amended complaint in compliance with this order may result in the Court closing the case.

DONE AND ORDERED in Chambers at Miami, Florida, this _12th_ of July 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record